09-3880-ag
Grigoryan v. Holder

BIA
Abrams, IJ
A094 041 950
A094 041 951
A094 041 952

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>                *Chief Judge*,
>        ROBERT D. SACK,
>        GERARD E. LYNCH,
>                *Circuit Judges*.

——————————————————————————————

EDGAR GRIGORYAN, NARINE NIKOGHOSYAN, SARGIS GRIGORYAN
>        *Petitioners*,

>        v.                                          09-3880-ag
>                                                     NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL
>        *Respondent*.

——————————————————————————————

FOR PETITIONERS:        Marina Shepelsky, Law Offices of Marina Shepelsky, Brooklyn, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; William Peachey, Assistant

**Director; Ada Bosque, Senior Litigation Counsel; Puneet Cheema, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Edgar Grigoryan and Narine Nikoghosyan, natives of the Soviet Union and citizens of Armenia, and their son, Sargis Grigoryan, a native and citizen of Armenia, seek review of an August 18, 2009, order of the BIA affirming the November 14, 2007, decision of Immigration Judge ("IJ") Steven R. Abrams denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Grigoryan*, Nos. A094 041 950/951/952 (B.I.A. Aug. 18, 2009), *aff'g* Nos. A094 041 950/951/952 (Immig. Ct. N.Y. City Nov. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The

2

applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We find no error in the agency's denial of the Petitioners' application for asylum.  As the IJ found, they failed to establish that the harm Edgar Grigoryan ("Grigoryan") endured bore a nexus to one of the protected grounds enumerated in the Immigration and Nationality Act ("INA").  *See* 8 U.S.C. § 1101(a)(42).  For applications for asylum and withholding of removal governed by the amendments to the INA made by the REAL ID Act of 2005, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); *see also Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 350 (BIA 2010) (applying the "one central reason" provision to withholding of removal as well as asylum).

We conclude that although the IJ credited Grigoryan's testimony that he attended protests in Armenia and was beaten and detained by the police, the IJ reasonably

3

determined that Grigoryan's vague and undetailed testimony, by itself, was insufficient to meet the Petitioners' burden of proof.  *See Diallo v. INS*, 232 F.3d 279, 287-88 (2d Cir. 2000).

**I.   Claim Based on Grigoryan's Political Opinion**

The Petitioners argue that Grigoryan was beaten and detained by government officials on account of his opposition to ArmenTel, a government-sanctioned monopoly. The IJ reasonably found that the Petitioners did not provide sufficient corroboration to establish the requisite nexus between the harm Grigoryan endured and a protected ground. *See Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009) ("[A]n IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained."). Specifically, the IJ noted that: (1) the Petitioners did not submit any affidavits from individuals involved with the protests; (2) the Petitioners provided no evidence that the arrests and beatings Grigoryan endured were because of his opposition to ArmenTel; and (3) the background materials the Petitioners submitted did not discuss the protests or how

4

critics of ArmenTel were treated in Armenia.  Additionally, the IJ noted that Grigoryan testified that he was told during his first arrest that he must close his business because his refusal to use ArmenTel's Internet service violated Armenian law.  In light of this testimony and the lack of corroboration, the agency reasonably concluded that the Petitioners failed to meet their burden of proof.  *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring that an alien demonstrate that his political opinion will constitute "at least one central reason" for persecuting him).

On appeal, the Petitioners argue that the IJ ignored material portions of Grigoryan's testimony establishing that the Armenian government provided undivided support for ArmenTel and suppressed political speech against the company.  However, a reasonable fact-finder would not be compelled to conclude that the agency ignored any material portions of Grigoryan's testimony.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).  As the IJ correctly noted, Grigoryan's testimony was contradicted by the Petitioners' own documents, which indicated that the Armenian government had

5

a tense relationship with ArmenTel and undertook actions to force the company to provide better service and that Armenia did not suffer from official censorship or governmental restrictions on the Internet. To the extent the Petitioners argue that the IJ placed undue weight on the country conditions evidence, we generally accord deference to the IJ's evaluation of documentary evidence. *See Xiao Ji Chen*, 471 F.3d at 342. In light of the IJ's determination that Grigoryan's testimony was insufficient on its own to establish the Petitioners' eligibility for asylum, the IJ's decision to afford greater weight to the country conditions materials – both the State Department Reports and Grigoryan's materials – was reasonable. *Id.*

**II. Claim Based on Grigoryan's Imputed Political Opinion**

The Petitioners also claim that Grigoryan was beaten and detained because Armenian officials suspected that he shared his parents' anti-government political beliefs. However, the IJ reasonably found that the Petitioners failed to meet their burden of proof because: (1) Grigoryan's testimony stating that police officers used "foul language" and said "bad things" about his parents did not establish his parents' political opinion or that he had been arrested

6

as a result of their actions or opinions; (2) despite the fact that Grigoryan's parents lived in New Jersey at the time of his hearing, they did not testify on his behalf; and (3) Petitioners provided no supporting documents to establish the nature of Grigoryan's parents' political involvement or their membership in any political organization. *See Chuilu Liu*, 575 F.3d at 197. We also find unavailing Petitioners' assertion that the IJ failed to give them proper notice of the additional evidence required to corroborate their claim. The IJ did indicate that he believed the parents' testimony or other documentation regarding their political activity was necessary, and he afforded the Petitioners an opportunity to explain why they failed to submit that evidence. *See id.*

Finally, we decline to address the Petitioners' unexhausted argument that Grigoryan was persecuted on account of his membership in a particular social group comprised of entrepreneurs. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

7

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk